UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND,<br>Plaintiff,<br>v.<br><br>MELROSE METAL PRODUCTS, INC.,<br>Defendant. | Case No. 26-mc-80005-AGT<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 4, 5, 6 |

The parties in this action have filed three discovery letters. Dkts. 4, 5 & 6. Defendant's counsel has also filed a separate declaration and set of exhibits, although this doesn't comply with the Court's standing order. Dkt. 7; AGT Civil Standing Order § VII.B. The disputes generally involve the sufficiency of Defendant's and third parties' responses to Plaintiff's discovery inquiries. Each is addressed below.

*The Hoppes' document production (dkt. 4).*

The parties first disagree as to whether Mitchell and Yvonne Hoppe must comply with a subpoena directing them to produce documents. Dkt. 4 at 1. The Hoppes are the two married shareholders of Defendant Melrose Metals. *Id.* at 3; dkt. 6 at 2. Plaintiff served a subpoena on the Hoppes that sought documents related to their ownership of real property and their operation of other trades or businesses. Dkt. 4 at 1. The Hoppes refused to produce any documents, asserting a range of objections and privileges. *Id.*

The Court agrees with Plaintiff that the Hoppes must produce the documents in question. Rule 69 provides that a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Post-judgment discovery is "quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014). "[T]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JW (RS), 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009).

This case involves ERISA withdrawal liability. Under ERISA, trades and businesses operated under common control are jointly and severally liable for each other's withdrawal liability. 29 U.S.C. § 1301(b); *see also Bd. of Trs. of W. Conf. of Teamsters Pension Tr. Fund v. Lafrenz*, 837 F.2d 892 (9th Cir. 1988). Therefore, as long as the Hoppes' operation of other trades or businesses would qualify those businesses as under "common control" with Melrose for the purposes of Section 1301(b), Plaintiffs' requests for production are a reasonably tailored means of examining assets that may be used to satisfy the judgment against Melrose.

The Hoppes are ordered to produce responsive documents to Plaintiff's requests, and set out any claims of privilege in a privilege log.[1] *See* AGT Civil Standing Order § VII.D. The parties are ordered to meet and confer on a production timeline. The parties may also meet and confer on a protective order that addresses the parties' privacy concerns. *Id.* at § VII.C.; dkt. 4 at 7.

[1] The Hoppes' invocation of the tax return privilege is discussed below at pages 4-6.

*Melrose's document production (dkt. 5).*

Plaintiff served Melrose with a subpoena seeking various basic financial records. Dkt. 5 at 2. Melrose agreed to do so, and produced two bank boxes with roughly 2,700 pages of documents. *Id.* But Plaintiff asserts that Melrose's production was substantially unresponsive and contained none of the basic records it sought. *Id.* Melrose simply states that there's nothing more it can produce. *Id.* at 3, 5. Plaintiff seeks an additional inquiry backed up by declarations detailing the scope of Melrose's investigation. *Id.* at 4.

Rule 34 requires a party to produce responsive documents when they're within the party's "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Control" encompasses the legal right to obtain documents on demand. *United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). Thus, responding parties are under an "affirmative duty" to seek information reasonably available to them from employees, agents or others under their control. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006).

The Court agrees with Plaintiff that more is required of Melrose here. As an initial matter, the Court can't follow Melrose's position within this discovery letter. Melrose generally states "[t]here is nothing else to produce." Dkt. 5 at 5. But rather than explain its response in greater detail or raise legal authority supporting the adequacy of its response, Melrose instead adds argument that appears directed at issues raised to the other two discovery letters. *See* dkt. 5 at 5-7.

Plaintiff seeks basic financial documents. Yet Plaintiff represents that the documents Melrose produced "did not include any financial statements, general ledger, trial balance, accounts payable journal, cash disbursement journal, balance sheets, income statements,

cash flow statements, profit-and-loss statements, documents identifying any bank or brokerage account, bank statements, or documents reflecting any transfer … [to any] officer of Melrose Metal." Dkt. 5-1 at ¶ 5. When Melrose's counsel signed its discovery response, she certified that "to the best of [her] knowledge … after a reasonable inquiry … it [was] … neither unreasonable nor unduly burdensome." Fed. R. Civ. P. 26(g)(1).

The Court can't compel the production of documents that don't exist. *See In re Facebook Privacy Litigation*, Case No. 5:10–cv–02389–RMW, 2015 WL 3640518, at *1 (N.D. Cal. June 11, 2015). But, given the inadequacy of Melrose's production, as well as its argument here, the Court is convinced that Melrose hasn't done enough to respond to Plaintiff's requests.

Therefore, the Court will require Melrose to conduct an additional "reasonable inquiry" as to documents responsive to Plaintiff's requests. *See Garber*, 234 F.R.D. 191 (C.D. Cal. 2006). Melrose must institute "a reasonable procedure to distribute discovery requests to all employees and agents of the party potentially possessing responsive information, and to account for the collection and subsequent production of the information to the opposing party." *Id.* Melrose's counsel must also provide Plaintiff with a declaration detailing this inquiry that addresses steps taken with respect to each of Plaintiff's requests. *See, e.g.*, *In re Facebook*, 2015 WL 3640518 at *2.

*The tax return privilege (dkt. 6).*

Plaintiff's requests for production seek tax returns from both Melrose and the Hoppes. Dkt. 6 at 1. The parties disagree as to whether the Hoppes and Melrose may assert a tax-return privilege in response to these requests. *Id.* Plaintiff has the better argument. *See id.* at 3-4.

The Court agrees with Plaintiff that in post-judgment proceedings to enforce a federal court's judgment – such as this case – federal common law applies. *Heathman v. U.S. Dist. Ct. for Cent. Dist. Of California*, 503 F.2d 1032, 1034 (9th Cir. 1974).

The Hoppes and Melrose concede that under federal law, tax returns don't receive an "absolute" privilege from discovery. Dkt. 6 at 6 (citing *Premium Serv. Corp. v. Serry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)). Plaintiff agrees. *Id.* at 3.

The Hoppes and Melrose are correct that federal courts often mention a "public policy against unnecessary public disclosure" of tax returns and related documents *Id.* (citing *Garber*, 234 F.R.D. at 191). They argue the Court should apply a two-factor test assessing (i) whether the returns here are relevant to the subject matter of this action, and (ii) whether there's a compelling need for the returns because the information they contain isn't otherwise obtainable. *Id.* at 7 (citing *Garber*, 234 F.R.D at 191).

Even accepting this framework, their position is unjustified. The Court concludes that, in this post-judgment proceeding involving withdrawal liability, the tax returns and related documents disputed here are relevant to the subject matter of this action. In addition, the post-judgment context also cuts against the Hoppes' and Melrose's privacy interests. *A&F Bahamas, LLC v. World Venture Grp., Inc.*, Case No. CV 17-8523 VAP (SS), 2018 WL 5961297, at *8 (C.D. Cal. Oct. 19, 2018) (collecting cases). "[I]n the post-judgment contexts, courts have readily required production of tax returns with no showing of compelling need, or with a showing that the judgment debtor has produced only limited documents related to his assets." *Id.* (citation modified). Melrose and the Hoppes don't explain how this information is otherwise readily obtainable. *See* dkt. 6 at 5-7; *Garber*, 234 F.R.D. at 191

(burden lies with party opposing production to show information otherwise readily obtainable).

Neither Melrose nor the Hoppes may assert a tax-return privilege in response to Plaintiff's subpoenas for document production.

The parties are ordered to meet and confer on a production timeline that will apply to each of the three discovery issues raised in this letter. The parties should submit that timeline to the Court by **November 6, 2026** for the Court's approval. If the parties are unable to agree on a timeline, they may file an updated discovery letter by that same deadline.

**IT IS SO ORDERED.**

Dated: October 28, 2026

Alex G. Tse
United States Magistrate Judge